### GREEN PEDEN *v.* THE STATE.

61   267
85   154

1. INSTRUCTIONS. *Bill of exceptions.*

Unless "marked" as required by the statute, or copied into the bill of exceptions, the charges are no part of the record, and cannot be noticed on appeal.

2. CONFESSION. *Prisoner. Voluntary statement.*

> The statement of a prisoner to the officer who has him in custody is admissible in evidence at his trial for murder, if made without anything being done to induce or extort a confession.

3. BILL OF EXCEPTIONS. *New trial.*

> The bill of exceptions giving all the evidence and exception being reserved to the court's action in overruling the motion for a new trial in the entry of such ruling, the supreme court examines the facts to pass on the ground of the motion that the verdict is contrary to law and the evidence.

4. CONSPIRACY. *Liability of conspirators.*

> If in carrying out a conspiracy to take a man from his house and flog him, one of the conspirators kills the man, the others are equally guilty of murder.

APPEAL from the Circuit Court of Panola County.

HON. A. T. ROANE, Judge.

At the trial of this indictment for murder, which resulted in a conviction and sentence to death, J. A. Thornton, under the defendant's objection, testified for the State that when he, as deputy sheriff, had Green Peden in custody, taking him to jail after an attempted hearing on a writ of habeas corpus, the prisoner, who was disappointed at the result, made a statement, that without anything being done by the officer to induce him to confess or to extort an admission, Peden began calling as if to dogs, and when reprimanded said (pointing to Dr. Pon and Stanford Herron), "They are loose and free and I am in trouble, and they know as much about it as I do." The men of whom he spoke were witnesses against him subsequently at his trial, and testified to some of the facts stated in the opinion. To the admission of Thornton's testimony the appellant reserved an exception. After verdict a motion was made for a new trial upon the grounds, among others, that the verdict was contrary to law and the evidence, that the instructions were erroneous, and that incompetent and irrelevant testimony was admitted. The entry sets out this motion and recites: " Which motion having been considered by the court is overruled, and a new trial refused ; to which action of the court the defendant then and there excepted." Afterward his bill of exceptions was signed, and it concludes thus: " This was all the evidence in the case. This bill of exceptions was

therefore sealed and ordered to be made a part of the record, this May 25, 1883." Peden appealed and assigned for error : 1. Admitting J. A. Thornton's testimony. 2. Giving the instructions for the State. 3. Overruling the motion for a new trial on the ground that the verdict was contrary to law and the evidence.

*Edward Mayes,* for the appellant, argued the case orally and in writing.

The exclusive definition of murder in this State is found in Code 1880, §§ 2628, 2629. This case does not fall within the definition. As the common design was to whip Walker, the appellant is liable for the acts of the other conspirators only to this extent. Under Code 1880, § 2633, Peden is, at most, guilty of manslaughter. Criminality of a kind different from homicide will not supply the malice requisite to murder. The blow was struck by Davis, and the State's evidence negatives the idea that there was any intent on the part of the accused to kill. So far as he was concerned the killing was involuntary. The legal measure of his responsibility is fixed by § 2640 of the Code. Having entered the conspiracy, the act of his co-conspirator will be imputed to him, but it is not his voluntary act, and his crime is only manslaughter. Section 2645 makes all homicide manslaughter unless otherwise provided, and the killing in this case manifestly does not fall within the statutory definition of murder.

*J. L. Harris,* Attorney General *pro tem.,* for the State, made an oral argument.

CAMPBELL, C. J., delivered the opinion of the court.

The instructions complained of are not "marked" as required by the statute to make them part of the record, and are not contained in the bill of exceptions, and, therefore, cannot be noticed. We are confined to the first and third grounds of error assigned, *viz.:* the admission of the testimony of the witness Thornton, and that the verdict is contrary to the law and evidence. We are not able to perceive that the testimony of Thornton was of any value whatever. It was not inadmissible so far as we can see, but it is inconceivable that it exerted any influence on the jury. Its admission was not

erroneous. The evidence shows that the appellant and several others banded together to take Walker from his house and whip him, and that he was taken from his bed and severely beaten, and that ten days afterward he died from the effect of a blow on the head which superinduced inflammation of the brain. The fatal blow was struck by Amos Davis, one of the party, with a spade. The evidence suggests that the death of Walker was not contemplated by the parties at the outset, and that their purpose was bounded by the flogging of Walker. A number of persons having conspired together to do the unlawful act of beating Walker, the law makes no distinction between them, and each is responsible for the act of any of the party in the prosecution of the design, and, if death happened in the prosecution of such design, all are guilty of murder, if the person who caused the death is. It matters not that the purpose to kill Walker was not entertained by all or by any at the outset. "If two or more combine to do an unlawful thing, and the act of one proceeding, according to the common plan, terminates in a criminal result, though not the particular result intended, all are liable." "All who are responsible for what is done unlawfully are so for its entire consequences, whether contemplated or accidental." 1 Bishop on C. L., § 636. It is claimed that as the fatal blow was struck by Davis, and the evidence negatives the idea that there was any intent on the part of the accused to kill, he could not be guilty of murder, but on the principle of joint responsibility between the parties unlawfully engaged, the guilt of Davis is imputable to the accused. Whether or not Davis was guilty of murder depends on whether he struck the fatal blow with deliberate design to effect the death of Walker. If he did, he was guilty of murder. The jury must have found that Davis intended to kill Walker, or it would not have found the appellant guilty of murder. We think the evidence warrants this finding. It shows that Davis struck the deceased over the head with a spade with such violence as to break the handle and inflict a severe wound which caused death. It is fair to presume that Davis intended to kill Walker.

*Affirmed.*